**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6327**

_____

DECARLOS BERNARD BARNES,

        Plaintiff - Appellant,

    v.

JENNIFER GRANT,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Noth Carolina, at Asheville.  Frank D. Whitney, Senior District Judge.  (1:23-cv-00102-FDW)

_____

Submitted:  August 28, 2025              Decided:  September 3, 2025

_____

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

DeCarlos Bernard Barnes, Appellant Pro Se.  Caitlin Tellechea Augerson, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeCarlos Bernard Barnes seeks to appeal the district court's order granting the Defendant's motion for summary judgment on Barnes's 42 U.S.C. § 1983 complaint alleging deliberate indifference to his serious medical needs. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 5, 2024 and the appeal period expired on December 5, 2024. Barnes filed the notice of appeal on April 16, 2025.[*] Because Barnes failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Barnes could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).